

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00863-CR

**IN RE** Justin Emar **MOORE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed:  December 23, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On December 11, 2014, relator Justin Emar Moore filed a pro se petition for writ of mandamus complaining of the trial court's denial of his application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014). In 2012, relator was convicted on multiple counts of aggravated sexual assault of a child and indecency with a child by contact, and was sentenced to life imprisonment. On January 9, 2013, this court affirmed the judgment of conviction in Cause No. 04-12-00043-CR. Therefore, relator's felony conviction became final.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*,

---

[1] This proceeding arises out of Cause No. 2010CR4143, styled *The State of Texas v. Justin Emar Moore*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH